CITY OF MINDEN V. CARL A. VEDENE.

FILED NOVEMBER 16, 1904.    No. 13,639.

1. Evidence examined, and *held* sufficient to sustain the judgment.

2. Held not error to permit the plaintiff, although crippled, to walk to the witness stand in the presence of the jury.

3. Trial: INSTRUCTIONS. Where the court has properly instructed on a material issue at the request of either of the litigants, it is not prejudicial to omit any reference to such issue from instructions given on the court's own motion.

ERROR to the district court for Kearney county: ED L. ADAMS, JUDGE. *Affirmed.*

*J. L. McPheely,* for plaintiff in error.

*M. D. King, contra.*

45

OLDHAM, C.

This was an action for personal injuries instituted by the plaintiff in the court below against the defendant city of Minden. The petition alleged, in substance, that plaintiff was injured by falling on a sidewalk in the city of Minden, on the evening of December 6, 1903; that the injuries were caused without any fault on plaintiff's part, but because of the negligence of the city in permitting its sidewalk to be and remain in a dangerous condition a long time previous to the injury. The answer was in substance a general denial and plea of contributory negligence. There was a trial to a jury, and verdict for plaintiff for $302. Judgment on the verdict, and defendant brings error to this court.

The first alleged error called to our attention in the brief of the city is that the judgment is not sustained by sufficient evidence. An examination of the testimony contained in the bill of exceptions shows that plaintiff introduced evidence tending to establish that the walk in question had been out of repair for about two months previous to the injury complained of; that it was a board walk on one of the principally traveled streets of the village, and at the place of injury contained numerous broken and loose planks; and that plaintiff, while traveling over this walk to his residence in the night time, stepped into a hole in the sidewalk and was thrown down, and, by reason of this accident, sustained a very painful and serious injury to his right ankle. While there was evidence in the record tending to show that plaintiff knew of the defect in the walk before the injury, yet he testified that he was walking at a moderate gait, and that he was unable to see the hole in the walk, on account of the darkness of the night, when the injury occurred. We therefore think that the plaintiff's testimony was sufficient to support the finding that the injury was occasioned alone by defendant's negligence.

It is next urged by the defendant city that, as there was evidence introduced tending to show that plaintiff had

been disabled by a former injury, which rendered him a partial cripple, he should, in view of this fact and the fact of his general knowledge of the dangerous condition of the walk, have traveled with extra care and caution on the defective street.   Without expressing any opinion as to the soundness of this contention, it is sufficient to say, for the purposes of the case at bar, that this proposition was given to the jury in two intructions requested by the defendant, so that the jury must have found as a matter of fact, from the testimony, that plaintiff was using extra care and caution in traveling the street when the injury occurred.

It is further urged by the city that the court erred in permitting defendant to walk before the jury in his crippled condition, as such a spectacle was calculated to arouse the sympathy and passions of the jury.   In the first place, we might say that the very meager quantum of damages awarded shows conclusively that the prejudice and passions of the jury were not visibly affected by plaintiff's walking in their presence; and, again, as plaintiff was a necessary witness in his own behalf, we do not see how he could well have proceeded to the witness stand without walking in the presence of the jury, unless he had been carried before it on a stretcher, which other exhibition might have had a stronger tendency to arouse sympathy and passion than the manner in which the plaintiff did approach the witness stand.

It is urged that the court erred in not instructing the jury, on its own motion, that the burden was upon the plaintiff to establish, by a preponderance of the evidence, each of the material allegations of his petition.   This complaint is based on the assertion that an instruction given by the trial court, on its own motion, has much greater effect than one given at the request of counsel for either of the litigants.   As all instructions given by the court are of and from the court, we are unable to concede that the jury is, or should be, more influenced by those given on the court's own motion than those given at the request of either of the litigants.   In the case at bar, at the request

of defendant city, the court had given 7 instructions plac·ing the burden of proof upon the plaintiff, not only generally, but specifically, to establish by a preponderance of the evidence each of the allegations in the petition. Having done this, we cannot see how he could have strengthened this proposition by giving a general instruction of his own covering the same question.

We have examined all of the instructions given by the trial court, most of which were requested by the defendant city, and are satisfied that the jury were instructed as favorably to defendant's contention as the law would permit, and as there is no complaint of the action of the trial court, either in the admission or exclusion of testimony, we recommend that the judgment of the district court be affirmed.

AMES and LETTON, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.